## ECKEL *v.* JONES.

A note drawn by A. to the order of B., and by him transferred to C., may be shown by parol to be within the meaning of a written guaranty by a third person of the note of A. payable to C.

IN error from the Common Pleas of Dauphin county.

This was an action on a guaranty by defendant "of John Smull's notes, payable to John Eckel, for $304."

The plaintiff proved two notes drawn by Smull to the order of John Snevily, of the same date with the guaranty, and in the aggregate amounting to $304. He then gave evidence that they were transferred to plaintiff, and that defendant had admitted he had guarantied these notes.

The court refused to permit the plaintiff to read the notes to the jury, and this was the error assigned.

*Rawn*, for plaintiff in error.—The question is one of identity. If the notes were those referred to, they are payable to Eckel, since he was the holder, 1 W. & S. 203; 3 Ib. 272.

*Kunkle*, contrà.

COULTER, J.—The court erred by drawing to itself the decision of the cause on that which was a matter of fact and not a matter

of law.   The question was, what notes of Smull payable to John Eckel were intended by the parties to be covered by the contract of ·guaranty.   The court, on the assumption that notes in which Snevily was the payee, but which had been transferred to Eckel, would not be covered by the words "payable to Eckel," rejected the evidence. There was the mistake of the learned judge.   The two notes offered in evidence were precisely of the same amount as the notes stated in the guaranty; and it was not alleged that there were any other two notes made by Smull and payable to Eckel.   But the ground taken by the learned judge in rejecting the evidence is fallacious. He says that the notes covered by the guaranty were alleged to be payable to Eckel, and the notes produced were payable to Snevily. It is true that Snevily was the payee nominated in the notes; but they were made payable to him or order, and they were endorsed to Eckel.   There is no exact technical meaning to be applied to the word *payable*, when used in contracts.   It is to be taken according to the common acceptation of the word, in the popular language of the country, and in that sense means, *due to, to be paid to*, which would exactly fit the condition and description of Eckel in regard to these notes and the guaranty.   But the papers rejected ought to have been admitted in evidence.   There was abundance to be left to the jury; and they should have been instructed that it was a question of fact, to be determined by them, as to what notes were covered by the contract of guaranty, according to the true intent of the parties at the time.

Judgment reversed, and a *venire de novo* awarded.